# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 22, 2023

| | |
|---|---|
| * * * * * * * * * * * * * * *<br>WILSON V. RIVERA,          *<br>                              *<br>         Petitioner,          *<br>                              *<br>v.                            *<br>                              *<br>SECRETARY OF HEALTH          *<br>AND HUMAN SERVICES,          *<br>                              *<br>         Respondent.         *<br>* * * * * * * * * * * * * * * | UNPUBLISHED<br><br>No. 20-1239V<br>Special Master Oler<br><br>Attorneys' Fees and Costs |

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for Petitioner.
*Madelyn Weeks*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 21, 2020, Wilson V. Rivera ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] ("the Vaccine Program"). Pet., ECF No. 1. Petitioner alleges he suffered from a Table injury of shoulder injury related to vaccine administration ("SIRVA") as a result of the pneumococcal conjugate vaccination he received on December 27, 2017. *See* Stipulation ¶ 2, 4, dated November 30, 2022 (ECF No. 35); *see also* Petition. The parties filed a stipulation on November 30, 2022, in which the undersigned adapted into her decision that same day. (ECF No. 36).

On January 5, 2023, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 41) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $16,290.42, representing $15,691.00 in attorneys' fees and $599.42 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs related to the prosecution of his petition. Fees App. Ex. 3. Respondent responded to the motion on January 19, 2023, stating that "Respondent is satisfied the statutory requirements for an award of

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 42). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.       Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   **a.   Reasonable Hourly Rates**

Petitioner requests the rate of $375 per hour for counsel Matthew F. Belanger for all time billed between 2020 – 2023. Fees App. 41 Ex. 2 at 5. These rates have been previously awarded and the undersigned finds these rates to be reasonable herein.

   **b.   Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has

reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $15,691.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $599.42 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. The undersigned finds these costs to be reasonable and shall fully reimburse them.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $15,691.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$15,691.00** |
| | |
| Attorneys' Costs Requested | $599.42 |
| (Reduction to Costs) | **-** |
| **Total Attorneys' Costs Awarded** | **$599.42** |
| | |
| **Total Amount Awarded** | **$16,290.42** |

**Accordingly, the undersigned awards a lump sum in the amount of $16,290.42, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Matthew F. Belanger.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u><br>
Katherine E. Oler<br>
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).